Requestor: Timothy S. McAdam, Esq. Wallkill Fire District Board of Fire Commissioners P.O. Box 500 Walden, N Y 12586-0500
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve as a member of the board of fire commissioners of a fire district and also as a member of the board of directors of a fire company under the control of that district.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Provisions of the Town Law specifically deal with the holding of various fire district positions. For example, section 174(4) of the Town Law permits a fire district commissioner or the district treasurer to also serve as the fire district secretary. That provision prohibits, however, a commissioner from serving as the district treasurer or as the fire chief or assistant chief of a volunteer fire company located in the district. Significantly, regarding the inquiry at hand, section 175(3) provides that membership in a volunteer fire company is not incompatible with service as a fire district commissioner, secretary or treasurer.
Section 175(3) establishes an exception to the common law rule of compatibility of office in permitting a volunteer firefighter to also serve as a fire district commissioner. We believe that this provision includes within its scope service of a commissioner as an officer of the fire company.
Further, we see no conflict between the duties of a fire district commissioner and a member of the board of directors of a fire company. The chief and assistant chiefs of a fire district, rather than the officers of a fire company, have exclusive control of the members of the fire department of the fire district at all fires. Town Law §176-a(1). This authority is exercised under the direction of the board of fire commissioners. The chief and assistant chiefs are responsible for ensuring that the rules and regulations of the fire district commissioners are observed and that their orders are carried out. Ibid. Section 174(4) of the Town Law specifically prohibits a fire district commissioner from also serving as a chief or assistant chief. The Legislature has recognized the incompatibility between these two positions resulting from the subordinate positions of the chief and assistant chiefs. In that the policies of the fire district board of commissioners are carried out through the chief and assistant chiefs, there does not appear to be any incompatibility between the duties of the commissioners and board of directors of the fire company.
In a telephone conversation explaining a portion of your written inquiry, you have indicated that the boards of directors of the fire companies make requests for equipment which must be approved by the fire district commissioners. You have asked whether this is a source of conflict which might make the positions incompatible. While an argument could be made that the fire district commissioners must decide the competing requests of the various fire companies in the district, we believe that the State Legislature has made the determination that this is not a source of incompatibility of office. Section 175(3) specifically authorizes volunteer members of fire companies to also serve as fire district commissioners. It is extremely common in practice that fire district commissioners also serve as volunteer members of fire companies. As stated earlier, we believe that section 175(3) would also authorize a fire district commissioner to serve as a volunteer holding a line office or holding the position of member of the board of directors of the fire company. The Legislature has determined that allegiance to any particular fire company would not be a source of incompatibility.
We conclude that the positions of fire district commissioner and member of the board of directors of a fire company are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.